UNITED STATES DISTRICT COURT
FILED
AUG 2 4 2026
ANDREW W. MOELLER, CLERK
WESTERN DISTRICT OF NY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JUSTIN B.,[1]

Plaintiff,

v.

24-CV-1201 (JLS)

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

**DECISION AND ORDER**

Plaintiff Justin B. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 8. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 10, 11. For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's cross motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"), both filed on July 21, 2021.[2] Tr. 377–90.[3] Plaintiff's applications were initially denied, and he requested a hearing before an administrative law judge ("ALJ"). *Id.* at 268–77, 311–15. Following the hearing, at which Plaintiff was represented by counsel, ALJ Ellen Bush issued a decision finding that Plaintiff was not disabled. Tr. 94–115. Plaintiff's request for Appeals Council review was denied, after which Plaintiff commenced this action. Tr. 1–4; Dkt. 1.

## LEGAL STANDARDS

### I. DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive

[2] Plaintiff applied for both DIB and SSI. To receive DIB, a claimant must show that he became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (citation modified). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filings at Dkts. 5 and 6 are the transcript of the proceedings before the Social Security Administration. All references to Dkts. 5 and 6 are hereby denoted "Tr. __."

when supported by substantial evidence. *See Biestek v. Berryhill*, 589 U.S. 97, 99 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation modified).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his or her disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II. DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay or profit. *Id.* §§ 404.1572, 416.972. If the

ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. *Id.* §§ 404.1520(b), 416.920(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* §§ 404.1520(d), 416.920(d). If such criteria are met, then the claimant is declared disabled. *Id.* §§ 404.1520(d), 416.920(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1520(e), 416.920(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *Id.* §§ 404.1545, 416.945.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. *Id.* §§ 404.1560(b)(3), 416.960(b)(3). If the ALJ finds that the claimant is unable to

perform past relevant work, the analysis proceeds to the fifth and final step. *Id.* §§ 404.1520(g)(1), 416.920(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his RFC, age, education, and work experience. *Id.* §§ 404.1560(c), 416.960(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his RFC, age, education, and work experience. *Id.* §§ 404.1520(g), 404.1560(c), 416.920(g), 416.960(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I. THE ALJ'S DECISION

To begin, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 1, 2020, his alleged onset date. Tr. 97. The ALJ also found that Plaintiff suffered from the following severe impairments: "borderline personality disorder, bipolar disorder, generalized anxiety disorder, and peripheral neuropathy." *Id.* The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 97–99.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following limitations:

> [Plaintiff] can lift and/or carry 20 pounds occasionally and 10 pounds frequently; he can stand and/or walk for a total of six

> hours in an eight-hour workday and sit for a total of six hours in an eight-hour workday; [he] can frequently balance, kneel, crouch, crawl, and climb ramps and stairs and occasionally stoop and climb ladders, ropes, or scaffolds; he must avoid concentrated exposure to extreme temperatures, humid environments, respiratory irritants, unprotected heights, machinery with external moving parts, and vibrations; [he] is able to attend [to] and focus for simple tasks; he can interact occasionally with the general public, coworkers, and supervisors; [he] cannot perform teamwork or tandem tasks; and he can adapt to routine changes to tasks.

*Id.* at 99.

The ALJ then found that Plaintiff was unable to perform any past relevant work. *Id.* at 113. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. *Id.* at 113–14. As such, according to the ALJ, Plaintiff had not been under a disability from his alleged onset date through the date of the decision. *Id.* at 114.

## II. PLAINTIFF'S ARGUMENT

Plaintiff argues that the ALJ erred in two ways. *See* Dkt. 8-1 at 10–20. First, Plaintiff argues that the ALJ failed to reconcile the RFC with moderate limitations in the opinion of Christine Ransom, Ph.D.—an opinion the ALJ found "mostly persuasive." *Id.* at 10–15. Second, Plaintiff argues that the ALJ's step-two finding—that Plaintiff's depression and post-traumatic stress disorder ("PTSD") were not medically determinable impairments—was not supported by substantial evidence. *Id.* at 15–20. And, Plaintiff says, these errors warrant remand for further

administrative proceedings. *See id.* at 10–20. For the reasons that follow, this Court disagrees.

## III. ANALYSIS

### A. The RFC accounted for limitations in Dr. Ransom's opinion.

An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013); *accord Schillo v. Kijakazi*, 31 F.4th 64, 78 (2d Cir. 2022). That does not mean that an RFC must "perfectly correspond with any of the opinions of medical sources cited in [an ALJ's] decision," *Matta*, 508 F. App'x at 56, or even be based on opinion evidence, *see Rubin v. Martin O'Malley, Comm'r of Soc. Sec.*, 116 F.4th 145, 155 (2d Cir. 2024). So long as an ALJ considers all the medical evidence and appropriately analyzes any medical opinions, an RFC consistent with the record is not error. *See* 20 C.F.R. § 416.945; *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (holding that remand is not necessary "[w]here an ALJ's analysis at Step Four regarding a claimant's functional limitations and restrictions affords an adequate basis for meaningful judicial review, applies the proper legal standards, and is supported by substantial evidence").

On November 12, 2021, Dr. Ransom completed a psychiatric evaluation of Plaintiff. *See* Tr. 648–52. Dr. Ransom opined that Plaintiff had no limitations in understanding, remembering, or applying simple and complex instructions; using reason and judgment to make work-related decisions; maintaining personal hygiene; dressing appropriately; and being aware of normal hazards and taking appropriate precautions. *Id.* at 651. Dr. Ransom also found that Plaintiff had

moderate limitations in interacting appropriately with supervisors, coworkers, and the public; sustaining concentration and performing at a consistent pace; sustaining an ordinary routine and regular work attendance; and regulating emotions, controlling behavior, and maintaining well-being. *Id.* Dr. Ransom concluded that Plaintiff's conditions would "moderately interfere with [his] ability to function on a daily basis." *Id.*

The ALJ found Dr. Ransom's opinion to be "mostly persuasive," explaining that it was "consistent with the medical evidence" and supported by "Dr. Ransom's own exam findings, which were generally benign." *Id.* at 111. Plaintiff argues that, in light of Dr. Ransom's "mostly persuasive" opinion, the ALJ erred by failing to account for limitations it contained—that is, "moderate limitations in sustaining an ordinary routine and regular attendance at work[] and regulating emotions, controlling behavior, and maintaining well-being." Dkt. 8-1 at 12. But that argument is factually incorrect.

Here, the ALJ restricted Plaintiff to simple tasks, routine changes in the workplace, and only occasional interaction with others. Tr. 99. Courts in this Circuit repeatedly have found such restrictions sufficient to account for moderate limitations like those Dr. Ransom found. *See, e.g.*, *T.L.E. v. Bisignano*, 2025 WL 2522510, at *3 (W.D.N.Y. Sept. 2, 2025) ("Up to moderate limitations in the functional areas of regulating emotion, controlling behavior, and maintaining well-being may be accounted for in an RFC . . . that limits a claimant to simple, routine work."); *Shannon v. Berryhill*, 2018 WL 6592181, at *3 (W.D.N.Y. Dec. 13, 2018)

("[T]he ALJ's limitation of Plaintiff to 'simple, routine tasks" . . . accounts for [Plaintiff's] limitation for performing activities within a schedule and maintaining regular attendance."); *see also Denise Marie T.-W. v. Comm'r of Soc. Sec.*, 2024 WL 4162490, at *6 (W.D.N.Y. Sept. 12, 2024) ("Moderate limitations in some or all areas of mental functioning may be accounted for in an RFC by limiting a plaintiff to simple, routine work."). The restrictions incorporated in the RFC, therefore, accounted for the limitations in Dr. Ransom's opinion. *See* Tr. 99.

Plaintiff also argues that the ALJ erred by failing to explain how the RFC accounted for the limitations about which Dr. Ransom opined. *See* Dkt. 8-1 at 12–15. But "[a]n ALJ does not have to state on the record every reason justifying a decision." *Valdez-Ocasio v. Kijakazi*, 2023 WL 3573761, at *1 (2d Cir. May 22, 2023) (quoting *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012)). Rather, so long as an ALJ's decision provides "an adequate basis for meaningful judicial review . . . and is supported by substantial evidence," the ALJ does not err. *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). That is the case here.

In sum, the ALJ crafted an RFC that was consistent with Dr. Ransom's opinion and the medical evidence in the record. Because the ALJ was "entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole," *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013), and because the ALJ did that, the ALJ's decision as supported by substantial evidence, and this Court will not second-guess it, *see Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir.

2010) ("Even where the administrative record may adequately support contrary findings on particular issues, the ALJ's factual findings must be given conclusive effect so long as they are supported by substantial evidence.").

**B. The ALJ's finding that Plaintiff's depression and PTSD were not medically determinable impairments was harmless error.**

At step two, an ALJ must determine whether a claimant has a medically determinable impairment, or a combination of impairments, that significantly limits his or her ability to perform basic work activities. *See* 20 C.F.R. § 404.1520(c). At this step, "it is the claimant's burden to show . . . that [he or] she has a severe impairment." *Guerra v. Comm'r of Soc. Sec.*, 2018 WL 3751292, at *2 (W.D.N.Y. Aug. 7, 2018), *aff'd*, 778 F. App'x 75 (2d Cir. 2019) (citation modified). An ALJ "will generally conclude that [the claimant's] impairment[] is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. § 404.1520a(d)(1).

Plaintiff argues that the ALJ erred in finding that Plaintiff's depression and PTSD were not medically determinable impairments, and that the ALJ's error was not harmless because the ALJ failed to consider those impairments in assessing Plaintiff's RFC. *See* Dkt. 8-1 at 15. Plaintiff's argument is misplaced.

At step two, the ALJ found that Plaintiff suffered from various severe and non-severe impairments. *See* Tr. 97. But the ALJ found that "the record [wa]s void of any significant treatment, diagnostic imaging, exam findings, or diagnoses related to" Plaintiff's "reported problems with antisocial personality disorder,

depression, and [PTSD].” *Id.* The ALJ, therefore, concluded that those impairments were not medically determinable. *Id.* That was error.

Treatment records from Horizon Health Services indicated that Plaintiff suffered from major depressive disorder resulting in depressed mood, diminished interest in activities, insomnia and hypersomnia, fatigue, feelings of worthlessness, diminished concentration, and suicidal thoughts. Tr. 597–98. Those records likewise indicated that Plaintiff “me[t the] criteria for PTSD,” including impaired memory, negative e self-image, negative emotional state, decreased participation in activities, and detachment. *Id.* at 627. And Plaintiff's diagnoses of depression and PTSD appeared throughout the record. *See, e.g.*, *id.* at 1336, 1531–2060. Substantial evidence in the record, therefore, supported finding that Plaintiff's depression and PTSD were medically determinable impairments.

The Court’s inquiry does not end there, however. An error at step two is harmless if an ALJ “identifies other severe impairments such that the analysis proceeds and the ALJ considers the effects of the omitted impairments during subsequent steps.” *Shamara A. v. Comm’r of Soc. Sec.*, 2023 WL 9002810, at *4 (W.D.N.Y. Dec. 28, 2023) (citation modified); *accord Stanton v. Astrue*, 370 F. App’x 231, 233 (2d Cir. 2010). In other words, even if an ALJ incorrectly finds that a claimant’s impairment is not medically determinable or is non-severe, that error is

harmless if the ALJ considers the impairment beyond step two. *See Guerra*, 2018 WL 3751292, at *3–4, *aff'd*, 778 F. App'x 75 (2d Cir. 2019).[4] The ALJ did just that.

At step four, the ALJ acknowledged Plaintiff's reports that he suffered from depression and PTSD. *See* Tr. 100. The ALJ noted that, at a June 21, 2021, mental health evaluation, Plaintiff was diagnosed with major depressive disorder and PTSD. *Id.* at 102–03. And the ALJ explained that, between May 3, 2022, and October 21, 2023, Plaintiff "received individualized therapy" for, among other things, major depressive disorder and PTSD. *Id.* at 108–09.

The ALJ also considered the opinions of P. Roy-Petrick, Ph.D., and L. Dekeon, Ph.D., each of which addressed Plaintiff's depression and PTSD. *See* Tr. 112–13. Dr. Roy-Petrick noted that Plaintiff was diagnosed with major depressive disorder and PTSD and found that Plaintiff's impairments would cause "moderate limitations," but that Plaintiff "ha[d] the capacity to perform simple work-related tasks/activities in low contact settings." *Id.* at 185–86. Dr. Dekeon later reviewed the record and affirmed Dr. Roy-Petrick's findings. *See id.* at 230–31.

---

[4] Plaintiff argues that "the step two harmless error doctrine only applies to impairments that are deemed by the ALJ to be non-severe, and not to impairments that an ALJ finds are not medically determinable." Dkt. 8-1 at 17. But the harmless error doctrine indeed applies even when an ALJ omits entirely an impairment from the step-two analysis. *See O'Connell v. Colvin*, 558 F. App'x 63, 64–65 (2d Cir. 2014) ("O'Connell next submits that the ALJ erred at step two . . ., by failing to determine that he suffered from a severe right knee impairment . . . Because this condition was considered during the subsequent steps, any error was harmless."); *Reices-Colon v. Astrue*, 523 F. App'x 796, 798 (2d Cir. 2013) ("[The claimant] claims that the ALJ's step two analysis was deficient because the ALJ excluded her anxiety disorder and panic disorder from his review. . . . Because these conditions were considered during the subsequent steps, any error was harmless.").

By discussing Plaintiff's depression and PTSD at step four, and by addressing the opinions of Drs. Roy-Petrick and Dekeon, the ALJ considered those impairments beyond step two. *See Larson v. Comm'r of Soc. Sec.*, 2020 WL 5018331, at *6 (W.D.N.Y. Aug. 25, 2020) (an ALJ considers symptoms associated with a claimant's diagnosed impairments by considering the related medical evidence and associated medical opinions). Moreover, the RFC accounted for those impairments by restricting Plaintiff to "simple tasks" with only occasional interaction with "the general public, coworkers, and supervisors"—the very limitations Dr. Roy-Petrick and Dr. Dekeon found. *Compare* Tr. 99, *with id.* at 185–86, 230–31.

In sum, although the ALJ erred at step two by determining that Plaintiff's depression and PTSD were not medically determinable impairments, that error was harmless. *See Guerra*, 2018 WL 3751292, at *2, *aff'd*, 778 F. App'x 75 (2d Cir. 2019) ("[W]hen functional effects of impairments erroneously determined to be non-severe at Step 2 are, nonetheless, fully considered and factored into subsequent residual functional capacity assessments, a reviewing court can confidently conclude that the same result would have been reached absent the error." (citation modified)).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 10) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 8). The Clerk of the Court shall close this case.

SO ORDERED.

Dated: August 24, 2026
Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE